United States Steel Corporation, Appellant, *v.*
Williams, Director, Appellee.
City of Akron et al., Appellees, *v.*
Williams, Director, Appellant.

[Cite as U. S. Steel Corp. v. Williams (1978),
61 Ohio App. 2d 155.]

(Nos. 76AP-643 and 76AP-644—Decided December 12, 1978.)

*Messrs. Squire, Sanders & Dempsey, Mr. Van Carson, Mr.
Thomas G. Hermann* and *Mr. Thomas A. Hanson,* for United
States Steel Corporation.

*Mr. John E. Holcomb* and *Mr. Forrest W. Woodall,* for the
city of Akron.

*Mr. William J. Brown,* attorney general, and *Mr. Stephen
P. Samuels,* for Ned E. Williams, the Director of Environmental Protection.

McCORMAC, J. These appeals have been consolidated on remand from the Supreme Court of Ohio to this court.

On or before July 18, 1974, the Director of Environmental Protection (hereinafter Director) published a proposal to amend certain water quality standards. Thereafter, public hearings were held and on January 8, 1975, the water quality amendments were adopted by the Director as originally proposed. No adjudicatory hearing had been conducted, but only quasi-legislative hearings in consideration of the proposed regulations.

In February 1975, United States Steel and the city of Akron appealed to the Environmental Board of Review, assigning specific errors by the Director in the promulgation of the regulations. On February 20, 1975, the board issued a notice of a *de novo* hearing on the appeals from the Director's regulations. At the time of the hearing, the errors, as assigned by the parties, were directed solely to the revised phenol standard. The Board conducted a quasi-legislative hearing over the entire area of water quality standards and permitted all persons who participated in the non-adjudicatory public hearing before the Director to be parties to the appeal and ruled that parties were not permitted to cross-examine the witnesses of other participants. On the basis of this non-adjudicatory hearing, the Board issued numerous amendments, deletions and additions to the water quality standards promulgated by the Director, thus rewriting the Director's regulations, and also overruled the objections to the revised phenol standard.

Appellants appealed to this court on July 23, 1976, and the appeals were dismissed on the basis that the court lacks subject matter jurisdiction over appeals from orders of the Board involving quasi-legislative proceedings. The Supreme Court subsequently reversed, holding that R. C. 3745.06 grants this court jurisdiction over appeals from final orders of the Board of Review issued upon an appeal of rulemaking actions of the Director.

United States Steel has set forth the following assignments of error:

"A. The Environmental Board of Review committed error by failing to conduct an adjudicatory hearing *de novo* on appeal of certain rulemaking actions of the Director of Environmental Protection, aspects of which include the right of

the parties to cross-examine and subpoena witnesses, as is required by Ohio Revised Code §3745.04 and 3745.05 and erred by instead inventing and conducting an unlawful second rulemaking proceeding termed a quasi-legislative appellate hearing.

"B. The Environmental Board of Review committed error in its Final Order of June 25, 1976 by adopting the Director of Environmental Protection's revised phenol standard, O.A.C. §3745-1-02(J), in that said order and standard is unsupported by reliable, probative and substantial evidence and is not in accordance with law.

"C. The Board exceeded the allowable scope of review when it almost completely rewrote the Director's regulations."

The Director agrees with United States Steel's first and third assignments of error, but contends that the Board of Review correctly upheld the Director's revised phenol standard. Additionally, the Director contends that due to his later rescission of the regulations that are the subject of this appeal, the questions presented to the court are moot.

The city of Akron has set forth the following assignment of error (essentially identical to United States Steel's assignment "A"):

"The Environmental Board of Review erred in conducting a non-adversary 'de novo quasi-legislative appellate hearing' rather than conducting an adversary adjudication hearing on the issues raised in the notices of appeal filed with the Board."

Both United States Steel and Akron strenuously argue that the appeals herein are not moot in that the amended water quality standards contain the same phenol standard to which the parties previously objected.

The first issue is whether an appeal becomes moot when regulations, of which a part is subject to objection and timely appeal, are amended while the appeal is pending when the amendment does not change the standard to which the objection is made.

Amending regulations without eliminating the objection concerning which an appeal is pending does not moot the appeal. The objection of appellants was to the Director's adoption of a revised phenol standard, Ohio Admn. Code 3745-1, which standard was reduced from 100 ug/1 to 10 ug/1, a reduc-

tion of 1,000 percent, or a standard ten times more stringent than the prior regulation. During the lengthy period of time in which these appeals have been pending, the Director amended certain of the water pollution standards, but not the phenol standard, which was left at 10 ug/1, the same standard to which an objection was made.

The cases cited by the Director in support of his claim that the appeals are moot are clearly distinguishable. In cases cited for this proposition, the regulation to which an objection was made was either revoked or changed so that the objection no longer applied. These cases do not stand for the proposition that generally amending regulations of which the objectionable matter is a part without curing or eliminating the objectionable part moots a pending appeal. Neither reason nor law supports that proposition.

The appeals are not moot and will be decided on their merits.

The next issue concerns the nature of proceedings before the Board upon an appeal from regulations adopted by the Director in a non-adjudicatory proceeding.

Any appeal to the Board of Review is conducted pursuant to R. C. 3745.05 which, in pertinent part, provides:

"***If no adjudication hearing was conducted in accordance with sections 119.09 and 119.10 of the Revised Code, the board shall conduct a hearing de novo on the appeal.

"For the purpose of conducting a de novo hearing, or where the board has granted a request for the admission of additional evidence, the environmental board of review may require the attendance of witnesses and the production of written or printed materials.

"When conducting a de novo hearing, or when a request for the admission of additional evidence has been granted, the board may, and at the request of any party it shall, issue subpoenas for witnesses or for books, papers, correspondence, memoranda, agreements, or other documents or records relevant or material to the inquiry directed to the sheriff of the counties where the witnesses or documents or records are found, which subpoenas shall be served and returned in the same manner as those allowed by the court of common pleas in criminal cases.

"The fees and mileage of sheriffs and witnesses shall be

the same as those allowed by the court of common pleas in criminal cases. The fee and mileage expenses incurred at the request of the appellant shall be paid in advance by the appellant, and the remainder of the expenses shall be paid out of funds appropriated for the expenses of the board.

"In case of disobedience or neglect of any subpoena served on any person, or the refusal of any witness to testify to any matter regarding which he may be lawfully interrogated, the court of common pleas of the county in which the disobedience, neglect, or refusal occurs, or any judge thereof, on application of the board or any member thereof, may compel obedience by attachment proceedings for contempt as in the case of disobedience of the requirements of a subpoena issued from the court or a refusal to testify therein.

"A witness at any hearing shall testify under oath or affirmation, which any member of the board may administer. A witness, if he requests, shall be permitted to be accompanied, represented, and advised by an attorney, whose participation in the hearing shall be limited to the protection of the rights of the witness, and who may not examine or cross-examine witnesses. A witness shall be advised of his right to counsel before he is interrogated.

"A stenographic record of the testimony and other evidence submitted shall be taken by an official court short-hand reporter. The record shall include all of the testimony and other evidence and the rulings on the admissibility thereof presented at the hearing. The board shall pass upon the admissibility of evidence, but any party may at the time object to the admission of any evidence and except to the rulings of the board thereon, and if the board refuses to admit evidence the party offering same may make a proffer thereof, and such proffer shall be made a part of the record of such hearing.

"If, upon completion of the hearing, the board finds that the action appealed from was lawful and reasonable, it shall make a written order affirming the action, if the board finds that the action was unreasonable or unlawful, it shall make a written order vacating or modifying the action appealed from.***"

The Board's position is that a *de novo* hearing before the Board on an appeal from a regulation adopted by the Director is procedurally identical to that proceeding as conducted by

the Director, *i.e.*, a quasi-legislative type of proceeding. The Director and appellants, on the contrary, take the position that the Board's "quasi-legislative appellate hearing" must be in accordance with the procedure contemplated by R. C. 3745.05 and previous decisions of the court, notably *Citizens Committee* v. *Williams* (1977), 56 Ohio App. 2d 61, and, particularly, the reconsidered decision, unreported, rendered February 7, 1978, overruling the motion for reconsideration, and Judge Holmes' dissenting opinion in the first opinion (unreported) rendered in this case, on December 30, 1976.

In deciding these appeals on their merits as mandated by the Ohio Supreme Court, we adopt the reasoning previously set forth by Judge Holmes in his dissenting opinion. As he stated, the statutory scheme of R. C. 3745.05 is calculated to provide appellants an opportunity for a hearing of an adjudicatory nature where such had not been provided at the Director level. Even though the appeal is labeled a *de novo* hearing, its nature is such that procedures virtually identical to the hearing procedures provided by R. C. 119.09 are to be used. The procedure contemplated is adjudicatory. For example, R. C. 3745.05 requires that the Board issue subpoenas at the request of any party. Witnesses are required to testify under oath or affirmation, and parties are given the right to object to the admission of evidence and to make exceptions to the ruling of the Board thereon. Moreover, consistent with the adjudicatory nature of the *de novo* hearing, a cross-examination of witnesses by the parties is contemplated.

Thus, as Judge Holmes previously stated, the Environmental Board of Review is mandated by R. C. 3745.05 to review final actions of the Director promulgated in a non-adjudicatory hearing in a *de novo* proceeding which is adjudicatory and allows the parties the rights inherent to an adjudicatory proceeding.

United States Steel's assignment of error "A" and Akron's assignment of error is sustained. The causes are remanded to the Board of Review to conduct a *de novo* proceeding of an adjudicatory nature as outlined in this decision and as provided for by R. C. 3745.05.

The next issue is whether the Board is limited to objections raised by the parties in deciding an appeal from the Director's regulations, or whether the Board can generally conduct

rulemaking hearings on the entire set of standards, including ones not objected to, and can rewrite parts of the Director's regulations to which an objection was not made in the appeal. We conclude that the Board in the appeal is limited to the former cause of action, and the latter course, that pursued in these cases, far exceeds the authority of the Board as contemplated by R. C. 3745.05. R. C. 3745.05 permits the Board to make a written order vacating or modifying the action appealed from, if it finds that action to be unreasonable or unlawful. It does not permit the Board to *sua sponte* go beyond the matters appealed from, and consider additional matters raised by the Board itself. See *Cleveland Electric Illum. Co.* v. *Williams* (1977), 55 Ohio App. 2d 272, at 283. To so construe the power given the Board pursuant to R. C. 3745.05 would be, in effect, to designate the Board as a super Director rather than an appellate body reviewing actions of the Director to which objections are properly made.

United States Steel's assignment of error "C" is sustained.

Finally, United States Steel contends that the Board erred in adopting the Director's revised phenol standard in that his standard is not supported by reliable, probative and substantial evidence and is not in accordance with law.

That assignment of error is moot at this time as the Board did not conduct the proper adjudicatory procedure in its *de novo* hearing as discussed previously. Hence, the Board's determination, including approval of the Director's phenol standard, has been set aside. A new and proper evidentiary hearing must be conducted regarding this issue.

United States Steel's assignment of error "B" is overruled.

United States Steel's assignments of error "A" and "C" are sustained, and Akron's assignment of error is sustained. United States Steel's assignment of error "B" is overruled. The decision of the Environmental Board of Review is reversed and the causes are remanded to the Board for further procedure consistent with this decision.

*Judgments reversed*
*and causes remanded.*

HOLMES, P. J., and WHITESIDE, J., concur.